UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LYNETTE TAYLOR DHILLON** | **CIV. ACTION NO. 06-1822** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LINCARE INC. OF DELAWARE** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Plaintiff Lynette Taylor Dhillon ("Dhillon") brought this lawsuit against her former employer Lincare Inc. of Delaware ("Lincare"), alleging racial and sexual harassment and racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and assault and battery and intentional infliction of emotional distress in violation of state law.

On June 19, 2008, the Court issued an Amended Ruling and Amended Judgment granting in part and denying in part Lincare's Motion for Summary Judgment. The Court dismissed with prejudice Dhillon's Title VII claims of sexual of sexual harassment; race discrimination in promotions, compensation, and job assignments; constructive discharge; and for punitive damages. The Court also dismissed with prejudice Dhillon's state law claims of assault and battery and intentional infliction of emotional distress. However, the Court denied Lincare's Motion for Summary Judgment on Dhillon's Title VII claim of a racially hostile work environment based on her marriage to a native of India.

Pending before the Court are certain Motions in Limine filed by Lincare affected, at least in part, by the Court's Ruling: (1) Motion in Limine to Exclude Evidence and Testimony

Regarding Time-Barred Acts ("Motion on Time-Barred Acts") [Doc. No. 55], (2) Motion in Limine to Exclude Irrelevant and Improper Evidence and Testimony ("Motion to Exclude Irrelevant Testimony")[Doc. No. 56], and (3) Motion to Strike or in the Alternative Motion in Limine to Exclude Evidence in Support of Plaintiff's Claim for Punitive Damages ("Motion to Exclude Evidence on Punitive Damages") [Doc. No. 57].

For the following reasons, Lincare's Motion to Exclude Evidence on Punitive Damages is GRANTED, and its Motion on Time-Barred Acts and Motion to Exclude Irrelevant Testimony are GRANTED IN PART and DENIED IN PART.

First, the Court has granted Lincare's Motion for Summary Judgment on Dhillon's punitive damages claim under Title VII. Therefore, Dhillon is not entitled to produce any evidence or testimony solely to support her now-dismissed claim for punitive damages. Lincare's Motion to Exclude Evidence on Punitive Damages is therefore GRANTED.

Second, in its Motion on Time-Barred Acts, Lincare seeks an order of Court barring any evidence or testimony regarding acts which occurred more than 300 days prior to the time that Dhillon filed her EEOC Charge. In effect, Lincare's motion, if granted, would bar any evidence or testimony from the period of March 29, 2004 (Dhillon's effective date of hiring) to December 27, 2004. To the extent that Lincare seeks to limit evidence or testimony related to Dhillon's hostile work environment claim based on her interracial marriage, its motion is DENIED.

In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), the Supreme Court held that a "Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate 180- or 300-day period, but a charge alleging a hostile work environment will not be time barred if all acts constituting the claim are part of the same

unlawful practice and at least one act falls within the filing period." Dhillon has alleged harassment occurring well within the 300-day period; thus, she may present evidence and testimony of harassment that occurred prior to the 300-day period, but which was part of the same unlawful conduct.

However, Dhillon had also raised Title VII claims of sexual harassment and racial discrimination based on Lincare's failure to promote, discriminatory compensation, and discriminatory job assignments. The Court has granted Lincare's Motion for Summary Judgment on these claims on the basis that Dhillon failed to exhaust her administrative remedies. The claims are, thus, now time-barred. To this extent, Lincare's Motion on Time-Barred Acts is GRANTED, and Dhillon cannot present any evidence or testimony related solely to these claims.

Third, in its Motion to Exclude Irrelevant Testimony, Lincare seeks to exclude three categories of evidence: (1) portions of the deposition testimony of Cathy Roan ("Roan"), Dhillon's former supervisor, and T.J. Wright, Dhillon's former co-worker and an alleged harasser; (2) affidavits of Terri Douglas, Chris Dowdy, and Lewis Thompson; and (3) a May 3, 2006 letter Lincare submitted to the EEOC.

Pursuant to Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." "[R]elevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

With regard to Roan's and Wright's deposition testimony, Dhillon does not object to the

exclusion of this evidence. Accordingly, Lincare's motion on these portions of Roan's and Wright's deposition testimony is GRANTED. As Dhillon points out, this testimony might become admissible at trial. If so, the Court will consider any arguments when urged.

In the second part of its motion, Lincare moves to exclude the affidavits of Terri Douglas, Chris Dowdy, and Lewis Thompson from trial. Dhillon does not object to the exclusion of these affidavits. Accordingly, Lincare's motion on the affidavits is GRANTED.

Finally, as to Lincare's counsel's letter to the EEOC, the Court finds that the letter should not be excluded from evidence. In *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471 (5th Cir. 1992), the Fifth Circuit determined that admission of a letter from the general counsel for the defendant employer to the EEOC was not an abuse of discretion because the letter contained only "purely factual information and related [the employer's] position on the merits of [the plaintiff's claim]. The letter contained no reference to conciliation efforts." *Id.* at 1477; *cf.* Fed. R. Evid. 408. Further, the letter is not hearsay under Federal Rule of Evidence 801(d)(2) as either "(A) the party's own statement, in . . . a representative capacity or . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent . . . concerning a matter within the scope of the agency . . . made during the existence of the relationship." Accordingly, Lincare's motion to exclude this letter is DENIED.

MONROE, LOUISIANA, this 20th day of June, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE